UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EARL HAYES,

                                Plaintiff,

        -v-                                                    Case No. 10-CV-5511 (KMK)

THE LAW FIRM OF AIELLO & CANNICK and                          OPINION AND ORDER
DEVERAUX CANNICK,

                                Defendants.

Appearances:

Earl Hayes
Sing Sing Correctional Facility
Ossining, New York
*Pro Se Plaintiff*

Jennifer Fremgen Arditi, Esq.
Deveraux L. Cannick, Esq.
Aiello & Cannick
Maspeth, New York
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

        Plaintiff Earl Hayes brings this action under § 1983 against Defendants Deveraux

Cannick and the Law Firm of Aiello & Cannick alleging that Plaintiff's former attorney,

Deveraux Cannick, along with Sullivan County District Attorney James Farrell, Sullivan County

Sheriff's Office Detective Jason Gorr, and Sullivan County Court Judge Burton Ledina

conspired to violate Plaintiff's constitutional and civil rights.  (Compl. (Dkt. No. 2).)  Defendants

move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

to state a claim.  (Dkt. Nos. 27, 32.)  For the reasons stated herein, Defendants' motion is

granted, and the case is dismissed.

## I. Background

### A. Facts

The Court assumes the following facts, as alleged in the Complaint, to be true for purposes of this motion.[1]  On October 26, 2005, Plaintiff was arrested outside a Wal-Mart in Sullivan County for driving with a suspended license.  (Compl. at 2.)  In February or March of 2006, Plaintiff retained Defendant Deveraux Cannick to represent him against criminal charges. (*Id.* at 1.)

"Shortly after" retaining Cannick as his attorney, Plaintiff informed Cannick of his belief that Plaintiff's home had been searched illegally and requested that Cannick obtain radio call records from the Poughkeepsie Police Department and the Dutchess County Sheriff's Office. (*Id.* at 6-7.)  In response, Cannick informed Plaintiff that radio call records from the date of Plaintiff's arrest were not available.  (*Id.* at 7.)

On December 21, 2006, Judge Ledina of the Sullivan County Court held a suppression hearing at which Detective Gorr testified about the circumstances of Plaintiff's arrest.  (*Id.* at 2.) During the hearing, Plaintiff insisted, despite Cannick's reluctance, that Wal-Mart surveillance videos from the afternoon of his arrest be played in court.  (*Id.*)  As the videos were played, Gorr testified that the videos showed a vehicle being driven through and then parking in the Wal-Mart

---

[1]  Along with their motion papers, Defendants submitted affidavits from counsel to Defendant Aiello & Cannick and Defendant Cannick himself.  (Dkt. Nos. 28, 29.)  Plaintiff, proceeding pro se, responded with two "affirmations" containing both factual assertions as well as legal arguments.  (Dkt. No. 35.)  In deciding this motion to dismiss, the Court excludes the factual assertions in those submissions and considers only the legal arguments contained in the papers. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (explaining that "a district court must either exclude [matters outside the pleadings] and decide the motion on the complaint alone, or convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material" (internal quotation marks omitted)); *Kalin v. Xanboo, Inc.*, 526 F. Supp. 2d 392, 398-99 (S.D.N.Y. 2007) (same).

parking lot; an individual of indiscernible ethnicity and gender getting out of the vehicle wearing a dark jacket with a white stripe on the sleeve; and that the videos were stamped with a time of 1:21 p.m. (*Id.* at 3.) According to Plaintiff, the videos were played on Judge Ledina's laptop in a manner such that only Judge Ledina, Cannick, and Gorr could view them, but Cannick assured Plaintiff that Gorr's testimony was accurate. (*Id.*)

Plaintiff subsequently pled guilty to several counts of the indictment, but in April 2006, at sentencing, Plaintiff attempted to withdraw his guilty plea. (*Id.* at 4.) Cannick applied to withdraw his representation of Plaintiff, Plaintiff consented to that application, and Judge Ledina granted Cannick's request. (*Id.*) Judge Ledina subsequently denied Plaintiff's motion to withdraw his guilty plea and sentenced Plaintiff to prison. (*Id.* at 8.)

After Cannick withdrew as Plaintiff's counsel, Plaintiff claims that he had difficulty obtaining his entire case file from Cannick, and Judge Ledina refused Plaintiff's request to intervene in the dispute. (*Id.* at 4.) Eventually, Plaintiff's father was able to retrieve the case file from Cannick's office. (*Id.*) Meanwhile, Plaintiff submitted a letter to Judge Ledina requesting a subpoena for radio call records made by the Poughkeepsie Police Department and the Dutchess County Sheriff's Office on the afternoon of his arrest. (*Id.* at 7.) Farrell opposed the application, and Judge Ledina denied the subpoena request. (*Id.*) Plaintiff then submitted a Freedom of Information Law request to the Poughkeepsie Police Department and the Dutchess County Sheriff's Office and eventually received radio call records showing law enforcement arriving at his home at various points between 5:20 p.m. and 8:30 p.m. when the search warrant was executed, with continuing police activity around the property until 11:30 p.m. (*Id.* at 8.)

In February or March 2009, Plaintiff viewed the surveillance tapes and allegedly "discovered that Gorr had committed perjury" in his testimony at the suppression hearing. (*Id.* at

4.)  Specifically, Plaintiff claims that it is not possible to determine from the videos what clothing the individual is wearing when getting out of the car, and that the videos do not contain a date or time stamp.  (*Id.* at 5.)

According to Plaintiff, "[t]hese facts indicate that Cannick, while acting in concert with agents of the State who were acting under color of state law (Judge Ledina, Farrell, and Gorr), conspired and colluded to deprive [Plaintiff] of [his] constitutional and civil rights."  (*Id.*) According to Plaintiff, "[t]he co-conspirators' objective was to subject [Plaintiff] to as much imprisonment as possible while simultaneously concealing their own criminal conduct that they engaged in to that end."  (*Id.* at 9.)  At various points in the Complaint, Plaintiff identifies the following acts in furtherance of the alleged conspiracy: (1) at the suppression hearing, Cannick attempted to prevent the videos from being played in court; (2) the conspirators agreed that they "would permit Gorr to commit perjury and create a false record during the suppression hearing"; (3) the conspirators agreed that the videos would be played during the hearing such that only they could view the screen; (4) Cannick attempted to conceal evidence of the conspiracy by ignoring Plaintiff's requests for his case file; (5) Judge Ledina attempted to conceal evidence of the conspiracy by refusing to order Cannick to turn over the case file to Plaintiff; (6) "Cannick made a conscious decision to give [Plaintiff] an answer that was disingenuous when [Plaintiff] asked him if he had obtained the records of the radio runs to [Plaintiff's] home"; and (7) Judge Ledina and Farrell knew of the unlawful search of Plaintiff's home and colluded to conceal the proof and protect Cannick by having Farrell oppose Plaintiff's application for a subpoena of radio call records, and Judge Ledina deny Plaintiff's request for the subpoena.  (*Id.* at 4-9.)

B. Procedural History

On July 19, 2010, Plaintiff filed the Complaint in the instant lawsuit, claiming compensatory and punitive damages for time spent incarcerated and return of the money spent to hire Cannick. (Dkt. No. 2.) On March 2, 2012, Defendants filed a motion to dismiss, (Dkt. Nos. 27, 32), and Plaintiff submitted two affirmations in response on May 21, 2012, (Dkt. No. 35). On February 27, 2013, the Court notified Plaintiff that it was considering the collateral estoppel effect of its prior finding in *Hayes v. County of Sullivan*, 853 F. Supp. 2d 400 (S.D.N.Y. 2012), that there was insufficient evidence establishing a conspiracy with respect to Plaintiff's state court suppression hearing. *Id.* at 422-24 & n.21. (Dkt. No. 37.) The Court granted leave for Plaintiff to submit a sur-reply addressing the estoppel issue, (Dkt. No. 37), which Plaintiff timely filed, (Dkt. No. 38).

Plaintiff has filed several other lawsuits relating to the claims at issue in this case. On June 6, 2007, Plaintiff filed suit against the County of Sullivan and Sullivan County Jail, (Case No. 07-CV-7667), which was later consolidated with Plaintiff's October 10, 2008 suit against Detective Gorr, other members of the Sullivan County Sheriff's Department, the Sullivan County Sheriff's Department, and the County of Sullivan, (Case No. 09-CV-2071). (Consolidation Order, No. 07-CV-7677, Dkt. No. 24.) In the opinion noted above, on March 30, 2012, the Court granted Defendants' motion for summary judgment in the consolidated cases as to nearly all of Hayes' claims including the claim that Gorr, along with Judge Ledina, Farrell, and Cannick, engaged in a conspiracy to deprive Plaintiff of his constitutional rights, in furtherance of which Gorr committed perjury in describing the contents of the Wal-Mart surveillance tapes during Plaintiff's suppression hearing. *See Hayes*, 853 F. Supp. 2d at 422-24

& n.21.[2]  On February 23, 2011, Plaintiff filed a habeas corpus petition alleging, *inter alia*, these same underlying events with respect to the suppression hearing.  (Case No. 11-CV-1365, Dkt. No. 1.)  Additionally, Plaintiff has filed a separate action alleging legal malpractice against Defendants based on the same conduct in the Bronx County Supreme Court.  (*Earl Hayes v. Aiello & Cannick and Deveraux L. Cannick*, No. 250260/2010, Bronx Cnty. Sup. Ct.)

## II. Discussion

### A. Standard of Review

"On a Rule 12(b)(6) motion to dismiss a complaint, the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor."  *Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008); *see also Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) ("We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." (internal quotation marks omitted)).  "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."  *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

---

[2]  The only surviving claim from the consolidated action is Plaintiff's excessive force claim against Detective Gorr.  *See Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 432 (S.D.N.Y. 2012).

of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks omitted). Instead, the Supreme Court has emphasized that "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. If a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]'— 'that the pleader is entitled to relief.'" (alteration in original) (internal citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))).

B. Analysis

Defendants set forth two arguments for dismissal of Plaintiff's claim: (1) that Plaintiff's allegations are insufficient to show that Defendants acted under color of state law and that the Complaint otherwise presents only conclusory allegations; and (2) that Plaintiff's claim is barred by prior litigation. (Def.'s Mem. of Law in Support of the Mot. to Dismiss ("Def. Mem.").) The Court addresses each argument in turn before turning to Plaintiff's claims for damages.

1. Sufficiency of the Complaint

Defendants claim that Plaintiff does not sufficiently allege that Defendants engaged in state action so as to be culpable under § 1983. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have

been violated must first establish that the challenged conduct constitutes state action.'" *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). In other words, "'the question is whether the conduct allegedly causing the deprivation of a federal right [can] be fairly attributable to the State.'" *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) (quoting *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 199 (1988)).

In this case, Defendants, Plaintiff's privately retained former attorney and that attorney's law firm, are clearly not state actors. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981) (holding that attorney does not act under color of state law simply due to his role as an officer of the court). Therefore, in order to properly plead that Defendants acted "under color of state law," Plaintiff must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello*, 292 F.3d at 324-25. "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Id.* at 324; *see also O'Diah v. Hereford Ins. Co.*, No. 10-CV-944, 2011 WL 976415, at *2 (E.D.N.Y. Mar. 16, 2011) ("The mere use of the term 'conspiracy' does not instantly transform a private actor into a state actor for purposes of Section 1983." (internal quotation marks omitted)). Applying this standard, district courts within the Second Circuit have held that "[w]hile places and dates of meetings need not be pled with particularity, pleadings must set forth a plausible theory of agreement and concerted action." *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 445 (E.D.N.Y. 2012); *Fisk v. Letterman*, 401 F. Supp.

2d 362, 376 (S.D.N.Y. 2005) (explaining that *"the pleadings must present facts tending to show agreement and concerted action"* (internal quotation marks omitted)).

Here, Plaintiff presents only vague, conclusory allegations without *any* factual allegations or circumstantial evidence that demonstrate a plausible agreement between Defendants and the state actors. Plaintiff makes the following assertions: "on December 21, 2006, . . . Cannick and his co-conspirators (Judge Ledina, Farrell and Gorr) agreed that Cannick, Judge Ledina and Farrell would permit Gorr to commit perjury and create a false record during the suppression hearing," and "the co-conspirators agreed that the videos would be played under conditions that made it possible for the co-conspirators to see the videos while simultaneously making it impossible for anyone else who was present in the courtroom . . . to see the same." (Compl. at 5.) But, Plaintiff does not allege any facts *demonstrating* that Defendants acted in concert with the government actors, and his conclusory allegation that they did so is insufficient. *See Ciambriello*, 292 F.3d at 325 ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed . . . ." (internal quotation marks omitted)); *Moore v. City of New York*, No. 08-CV-2449, 2011 WL 795103, at *3 (E.D.N.Y. Feb. 28, 2011) (dismissing complaint where "[o]ther than [their association with his criminal legal proceedings], Plaintiff has not identified any conversations, contacts, actions or other facts that in any way suggest that these Defendants conspired to violate his civil rights"); *Concepcion v. City of New York*, No. 05-CV-8501, 2008 WL 2020363, at *6 (S.D.N.Y. May 7, 2008) (dismissing allegations that "do not offer sufficient factual details regarding an agreement among

defendants to violate the civil rights of plaintiff, or anyone else").[3]

Put simply, the Court finds that Gorr's testimony, even if perjurious, and Judge Ledina's ruling against Plaintiff do not constitute sufficient factual allegations or circumstantial evidence to plausibly establish that Defendants agreed with Judge Ledina and the prosecutor to act in concert in order to deprive Plaintiff of his constitutional and civil rights. *See Combier v. New York*, No. 09-CV-5314, 2010 WL 3785130, at *14 (S.D.N.Y. Aug. 25, 2010) ("As a matter of law, rulings made during the course of the state court proceedings are not a sufficient basis for the Court to find unlawful joint action among the judges, judicial employees, and private individuals involved."), *adopted by* 2010 WL 3835030 (S.D.N.Y. Oct. 1, 2010); *Hernandez v. Dormer*, No. 09-CV-5549, 2010 WL 3257748, at *4 (E.D.N.Y. July 7, 2010) ("Plaintiff may not . . . transform [his attorney] into a state actor simply by charging him with conspiring with state officials.") *adopted by*, 2010 WL 3257728 (E.D.N.Y. Aug. 13, 2010); *Green v. Bartek*, No. 05-CV-1851, 2007 WL 4322780, at *3 (D. Conn. Dec. 7, 2007) (dismissing claim where although plaintiff stated that his former attorney conspired with state actors, "he include[d] no facts to support his claim" and "appear[ed] to assume that, because [the former attorney] did not achieve his intended results, [the attorney] must have conspired with the [state actor]"); *Brewster v. Nassau Cnty.*, 349 F. Supp. 2d 540, 547 (E.D.N.Y. 2004) (dismissing claim against Legal Aid attorney where plaintiff alleged inadequate representation "in order to 'benefit themselves and/or

---

[3] "The need to guard against the use of conclusory allegations of conspiracy in the context of Section 1983 lawsuits against private actors is particularly compelling. If a plaintiff could overcome a motion to dismiss simply by alleging in a conclusory fashion a 'conspiracy' between private actors and state actors, these private actors would be subjected to the substantial cost and disruption incurred by litigants in the discovery phase of these lawsuits, without any indication whatsoever that the plaintiff has a 'plausible' conspiracy claim." *Nealy v. Berger*, No. 08-CV-1322, 2009 WL 704804, at *6 (E.D.N.Y. Mar. 16, 2009); *Flores v. Levy*, No. 07-CV-3753, 2008 WL 4394681, at *8 (E.D.N.Y. Sept. 23, 2008) (same).

[the] District Attorney'" in an intentional "'conspiracy intent on jeopardizing claimant and his family,'" because plaintiff "d[id] not actually allege any facts indicating an agreement to act in concert to harm him"); *Braxton v. Brown*, No. 96-CV-187, 1997 WL 43525, at *3 (E.D.N.Y. Jan. 28, 1997) (dismissing § 1983 claim that plaintiff's former attorneys conspired with the prosecution and explaining that "[n]otwithstanding the latitude afforded a pro se complaint, plaintiff fails to allege any facts supporting an inference that the Defense Attorney defendants colluded with the District Attorney defendants").[4]

It bears emphasizing that Plaintiff's theory is that his own attorney, for reasons Plaintiff does not share, conspired with his adversaries and a judge. Yet, the Second Circuit has observed that "conclusory allegations of conspiracy ring especially hollow" where there is an "adversarial relationship" between the alleged co-conspirators. *See Ciambrello*, 292 F.3d at 324. Here, Cannick, as Plaintiff's defense attorney, was the adversary of the prosecutor, cross-examined Gorr, and advocated against Judge Ledina's ultimate ruling denying suppression of Plaintiff's statements. (Compl. at 2-5) And according to Plaintiff's own account, Cannick argued against

---

[4] Elsewhere in his Complaint, Plaintiff states: "Judge Ledina and Farrell . . . colluded to (1) conceal the proof of the unlawful search by agreeing that: (a) Farrell would oppose my application for issuance of the subpoena, even though they knew or should have known that I was entitled to it; (b) Judge Ledina would deny my application for issuance of the subpoena; (2) protect their co-conspirator (Cannick) by depriving me of proof that I could have used to support my 'ineffective assistance of counsel' assertion." (Compl. at 8-9.) But Plaintiff never alleges that *Defendants* (either Cannick or his law firm) conspired with Judge Ledina or Farrell to prevent Plaintiff from obtaining the subpoenas. Therefore, Plaintiff has failed to even assert the state action required for a § 1983 claim. *See Ciambriello*, 292 F.3d at 324-25 (explaining the state action requirement).

To the extent that one could interpret Plaintiff's allegation to include an assertion that Cannick entered into an agreement with Judge Ledina and Farrell, this claim would suffer from the same deficiencies as Plaintiff's claim regarding the suppression hearing, namely the Complaint does not include any facts demonstrating that the conspirators entered into an agreement, and the conspiracy claim fails to meet the plausibility requirement of *Twombly*.

playing the surveillance videos at the hearing, which were played only on Plaintiff's insistence, (*id.* at 2-3), further belying Plaintiff's theory of a conspiracy. Thus, Plaintiff's allegations of a conspiracy between his privately retained defense attorney, the prosecutor, and the judge fail to state a plausible claim. *See Nealy v. Berger*, No. 08-CV-1322, 2009 WL 704804, *7 (E.D.N.Y. Mar. 16, 2009) (dismissing generalized conspiracy claim against plaintiff's former attorneys as implausible and noting the adversarial relationship between the alleged co-conspirators); *see also Walker v. Jastremski*, 430 F.3d 560, 564 n.5 (2d Cir. 2005) (noting that "conclusory or general allegations are insufficient to state a claim for conspiracy under § 1983"); *Cruz v. Reilly*, No. 08-CV-1245, 2009 WL 2567990, at *6 (E.D.N.Y. Aug. 18, 2009) (dismissing complaint where plaintiff made "only the conclusory allegation that defendants conspired" to have defendant police officers commit perjury). Therefore, the Court concludes that Plaintiff has failed to adequately allege state action and to state a plausible claim that Defendants violated his constitutional rights.

## 2. Collateral Estoppel

In addition to the pleading deficiencies described above, Plaintiff's claim is also barred by collateral estoppel.[5] The doctrine of collateral estoppel provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, the issue cannot again be litigated between the same parties in any future lawsuit." *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 168 (E.D.N.Y. 2010) (internal quotation marks omitted), *aff'd* 446 F. App'x 360 (2d Cir. 2011); *see also Tracy v. Freshwater*, 623 F.3d 90, 99 (2d Cir. 2010) ("Collateral estoppel

---

[5] "Although commentators disagree about the propriety of raising issue preclusion on a motion to dismiss, the rule in the Second Circuit is to allow such a motion." *Can v. Goodrich Pump & Engine Control Sys., Inc.*, 711 F. Supp. 2d 241, 246 (D. Conn. 2010) (citing *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir. 2000)) (collecting cases).

precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party." (internal quotation marks omitted)). "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). "Collateral estoppel, or issue preclusion, applies where: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Uzdavines v. Weeks Marine, Inc.*, 418 F.3d 138, 146 (2d Cir. 2005) (internal quotation marks omitted).

Defendants argue that Plaintiff's claim is barred by the state court's decision in the suppression hearing "upholding the probable cause for the arrest and the search, thus finding the witnesses who testified, including Detective Gorr, to be credible." (Def. Mem. at 6.) However, Defendants make no attempt to explain why a finding by Judge Ledina, who Plaintiff alleges to be a co-conspirator, with respect to Gorr's credibility, another alleged co-conspirator, resolved the "identical issue" to Plaintiff's current claim that Judge Ledina, Gorr, Farrell, and Defendants engaged in a conspiracy to deny Plaintiff his constitutional rights.

A much more compelling basis for Defendants' invocation of collateral estoppel is this Court's decision in *Hayes*, 853 F. Supp. 2d at 400.[6] In *Hayes*, this Court granted summary

---

[6] Although Defendants do not specifically cite the *Hayes* decision, a district court may raise preclusion issues sua sponte. *See Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (explaining that a district court may raise collateral estoppel arguments sua sponte where justified by a "strong public policy in economizing the use of judicial resources by avoiding

judgment and dismissed Hayes' claim that "[Judge Ledina, Mr. Cannick, and Mr. Farrell] ignored [Gorr's] perjured testimony . . . the implication being that there was a conspiracy." *Id.* at 423 (alterations in original). Specifically, the Court rejected Hayes' "amorphous and circular assertion" of conspiracy, and based on its independent review of the three surveillance videos produced by Wal-Mart, the Court found that "there is *no support* in the record from which a reasonable factfinder could find that the officers committed perjury at [Hayes'] suppression hearing, the claim upon which plaintiff relies to show the existence of a conspiracy." *Id.* at 424 n.21 (emphasis in original). Further, after reviewing the evidence, the Court also found that Plaintiff was moved to the jury box during his suppression hearing specifically so that he could view the videos as they were played to the witness.[7]

---

relitigation"); *Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc.*, 882 F. Supp. 2d 396 (E.D.N.Y. 2012) ("[A] district court may raise the issue of collateral estoppel sua sponte."). The Second Circuit has further explained that the sua sponte invocation of collateral estoppel is justified where the adversely affected party had notice and an opportunity to respond. *See Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (noting that "the primary purpose of requiring collateral estoppel to be pled as an affirmative defense is providing notice and an opportunity to respond" and considering the specific circumstances of the motion practice before the district court).

Here, this Court explicitly provided Plaintiff notice that it was considering the collateral estoppel effect of the *Hayes* opinion and granted him leave to address this issue. (Dkt. No. 37.) Plaintiff then submitted a sur-reply arguing against this application of collateral estoppel. (Dkt. No. 38.) Moreover, Defendants' motion papers, even if not this Court's prior ruling, provided notice that Defendants sought to preclude Plaintiff's claim on the basis of prior decisions. (Def. Mem. 5-6.) And in his original response to the summary judgment motion, Plaintiff himself recognized the direct applicability of the *Hayes* opinion; indeed, Plaintiff quoted this very opinion in support of his argument that Gorr committed perjury, (Pl. Aff. ¶¶ 15-16, 21; Pl. Supp. Aff. ¶ 4), and explained that the current case "relates back to the complaint that was assigned Dkt. No. 09-CV-7609," (Pl. Aff. ¶ 34). Therefore, Plaintiff was on notice that the prior opinion was applicable to the instant lawsuit and had the opportunity to articulate how, in his view, the Court should apply its findings in deciding this motion. Accordingly, this Court may properly consider the preclusive effect of that decision.

[7] The Court explained its review of the record as follows:

These findings have a preclusive effect on the instant lawsuit: Plaintiff's current claim of a conspiracy between Gorr, Cannick, Farrell, and Judge Ledina with respect to Gorr's testimony regarding the Wal-Mart tapes during Hayes' suppression hearing is identical to the conspiracy claim presented in *Hayes*.[8] The decision with respect to the conspiracy claim was necessary for a judgment on the merits in the *Hayes* case. *See id.* at 423-24 & n.21. Moreover, Plaintiff had a

---

[A]lthough Plaintiff claims that he was unable to see the videos as they were being played at his suppression hearing, the transcript demonstrates that Judge Ledina and Mr. Cannick moved Plaintiff to the jury box so that he could see the videos. Tellingly, the transcript reflects no comment from Plaintiff or Mr. Cannick that Plaintiff could not see the videos from this position.

Next, Plaintiff claims that Gorr lied when he testified at the suppression hearing that the surveillance videos were date and time stamped. The Court has reviewed the three surveillance videos which were produced by Wal-Mart and shown during Plaintiff's suppression hearing and notes that they in fact *are* date and time stamped. The three video clips, taken from three different security cameras, are date stamped October 26, 2005. The first video clip begins at 1:20:53 p.m. and ends at 1:21:59 p.m.; the second clip begins at 1:21:57 p.m. and ends at 1:22:59 p.m.; and the third clip begins at 1:22:09 p.m. and ends at 1:23:19 p.m. Therefore, Plaintiff's contention is completely without merit.

Finally, Plaintiff claims that Gorr lied about the substance of the videos, namely that he lied when he stated that the first of the three video clips shows an individual exiting the car which Plaintiff allegedly drove to the Wal-Mart, and that the individual is wearing a dark jacket with a white stripe on the sleeve. Plaintiff contends that the garment on the individual in this video clip is completely indiscernible, and thus, everyone (including Judge Ledina) watching the clips stood by as Gorr supposedly lied about what was depicted on the first video clip. The Court notes that although the garment on the individual in the first clip only is difficult to discern, the sequence of video clips, culminating with an individual identified as Plaintiff walking into Wal-Mart, unfolds exactly as Gorr described.

*Hayes*, 853 F. Supp. 2d at 423 n.21 (internal record citations omitted).

[8] To the extent that Plaintiff alleges that the conspiracy also included actions to deprive him of radio call records, the fact that Plaintiff now attributes additional acts to the conspiracy does not alter the applicability of the Court's prior ruling on the conspiratorial acts already fully litigated, i.e. the content of the surveillance videos and Gorr's testimony at the December 21, 2006 suppression hearing.

full and fair opportunity to litigate the issue: The Court's decision followed discovery and a fully submitted summary judgment motion.

In his sur-reply, Plaintiff makes two arguments. First, he challenges the basis for this Court's decision in *Hayes*, reiterating his arguments that Detective Gorr lied on the stand by inaccurately describing the contents of the surveillance video and that Cannick, Judge Ledina, and Mr. Farrell engaged in a conspiracy to permit this perjury. (Pl. Sur-Reply at 1-5.) However, Plaintiff's attempt to re-argue these claims (without citing any evidence), which were previously rejected by this Court, merely underscores the applicability of collateral estoppel, a doctrine the very purpose of which is to "preclude[] a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party." *Tracy*, 623 F.3d at 99 (internal quotation marks omitted). Accordingly, Plaintiff's repetition of these arguments made in *Hayes* is no basis to attack the collateral estoppel effect of that decision here.

Second, Plaintiff argues that because the Second Circuit dismissed his appeal of *Hayes* on the grounds that a final order has not yet issued from the district court resolving the entire case, (Case Nos. 07-CV-7667 (Dkt. No. 120), 09-CV-2071 (Dkt. No. 58)), *Hayes* is not a proper basis for collateral estoppel. (Pl. Sur-Reply at 2-3.) But, "[t]he law is clear that ordinarily the pendency of an appeal should not impact the collateral estoppel effect of an otherwise final and valid judgment." *See Russell-Newman, Inc. v. Robeworks, Inc.,* No. 00-CV-9797, 2002 WL 1918325, at *1 n.1 (S.D.N.Y. Aug. 19, 2002); *see also Garner v. NGC Bodily Injury Trust*, No. 11-CV-6567, 2012 WL 3560816, at *4 (W.D.N.Y. Aug. 16, 2012) ("[E]ven if there were an unresolved appeal, that would not foreclose the application of collateral estoppel." (citing *Sherman v. Jacobson*, 247 F. Supp. 261, 270 (S.D.N.Y. 1965)); *Macfarlane v. Village of Scotia*,

16

86 F. Supp.2d 60, 65 (N.D.N.Y. 2000) ("Generally, the possibility of appeal does not prevent application of the doctrine of collateral estoppel."); *cf. I.Appel Corp. v. Katz,* No. 99-CV-45, 1999 WL 287370, at *2 (S.D.N.Y. May 6, 1999) (explaining that New York *state law* considers an inability to appeal as one factor in determining whether a party has had a "full and fair opportunity to litigate," but concluding that "it is not clear that the inability to appeal is an automatic bar to collateral estoppel" (relying on, among others, *Johnson v. Watkins*, 101 F.3d 792 (2d Cir. 1996))). Thus, in light of Plaintiff's full and fair opportunity to litigate this claim in the first instance, *Hayes* is a proper basis to preclude Plaintiff from re-litigating the exact same claim in this case.

Accordingly, Plaintiff's claim of a conspiracy with respect to the video surveillance tapes and Gorr's testimony at his December 21, 2006 suppression hearing is precluded by collateral estoppel.

### 3. Damages Claims

Plaintiff seeks compensatory and punitive damages for his incarceration from the time of his suppression hearing until July 14, 2010 as well as "compensatory damages in amount of $20,000.00 for the fee that was paid to Cannick to defend [Plaintiff] from the criminal charges."[9] (Compl. at 9.) Plaintiff also seeks $2.5 million in punitive damages "for the intentional infliction of pain and suffering that the [D]efendants caused, as well as their gross violation of my trust, and their gross failure to carry out their professional responsibilities to defend me diligently and thoroughly in accordance with law." (*Id.*)

_____

[9] The Complaint first describes the time frame at issue as ending on "July 8, 2010," but in the following sentence describes the time frame as until "July 14, 2010." (Compl. at 9.) This inconsistency is irrelevant to this Motion, and for convenience, the Court has elected to describe Plaintiff's claim here using the later date.

First, with respect to Plaintiff's claim for damages as a result of his time in prison, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[10] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff has not alleged any facts suggesting that the conviction, resulting from Plaintiff's guilty plea, has been overturned or otherwise called into question; therefore, Plaintiff may not recover damages for his incarceration.[11] *See Peay v. Ajello*, 470 F.3d 65, 68 (2d Cir. 2006) (affirming district court's dismissal of Plaintiff's claims pursuant to *Heck*, because "plaintiff's allegations of extensive conspiratorial misconduct between defense counsel and the prosecution would render the conviction invalid if they were proved"); *see also Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (explaining that false arrest claims are "not cognizable" unless a plaintiff demonstrates that his conviction is "invalidated or otherwise questioned"); *Cruz*, 2009 WL 2567990, at *4 ("Although it is true that not all claims brought under Section 1983 necessarily implicate the validity of the underlying conviction, in this case, plaintiff's bald assertions of evidence tampering, perjury, and conspiracy during trial by the defendant police officers do necessarily implicate the validity of his burglary

---

[10] The Court notes that Plaintiff has filed a habeas petition alleging, *inter alia*, precisely the same underlying events with respect to the December 21, 2006 suppression hearing. (Case No. 11-CV-1365, Dkt. No.1.)

[11] Indeed, Plaintiff himself represented to the Court that he is guilty of the crimes to which he pled. (Case No. 09-CV-2071, Jan. 18, 2011 Conf., Transcript at 13:2-8 (The Court: "Did you tell the judge the truth when you told him you were guilty of the six counts?" . . . Mr. Hayes: "Yes.").)

conviction and are thus barred by the *Heck* rule.").

Second, to the extent Plaintiff's claim to recover the fee paid to Cannick is an allegation of legal malpractice, there is no indication of diversity of citizenship between Plaintiff and Defendants, and the Court declines to exercise supplemental jurisdiction over the claim.[12] *See Grant v. Progressive Ins. Co.*, 535 F. Supp. 2d 296, 300 (D. Conn. 2008) (explaining that federal courts have no jurisdiction over legal malpractice claims); *see also* 28 U.S.C. § 1367(c); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (explaining that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims" (internal quotation marks omitted)).[13]

---

[12] In fact, this state law legal malpractice claim is currently pending in Bronx County Supreme Court. *Hayes v. Aiello & Cannick and Deveraux L. Cannick*, No. 250260/2010 (Bronx Cnty Sup. Ct.).

[13] Plaintiff also claims that law enforcement illegally searched his home and that Cannick did not acquire the radio call records upon Plaintiff's request. (Compl. at 6-7.) In light of Plaintiff's guilty plea, which remains valid and binding, it is not clear what remedy Plaintiff seeks for this allegation. To the extent Plaintiff claims damages for his time incarcerated or to recover Cannick's fee, the Court has addressed each of these claims above. To the extent Plaintiff is claiming damages from the search, he has failed to allege any facts plausibly establishing that Defendants also conspired with the law enforcement officials who executed the search.

## III. Conclusion

For the reasons stated herein, Defendants' Motion to Dismiss is GRANTED, and

Plaintiff's case is dismissed without prejudice. Plaintiff may seek leave to file an Amended

Complaint no later than 30 days from the date of this Order. The Clerk of Court is respectfully

directed to terminate the pending motion. (Dkt. Nos. 27, 32.)


SO ORDERED.


Dated:     White Plains, New York
           March 21, 2013

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

20

Service List:

Earl Hayes
Din# 07-A-4800
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562
*Pro Se Plaintiff*

Jennifer Fremgen Arditi, Esq.
Deveraux L. Cannick, Esq.
Aiello & Cannick
69-06 Grand Avenue
Maspeth, NY 11378
(718) 426-0444
dlcannick@yahoo.com
*Counsel for Defendants*